IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SEVARIO N. WHITAKER &** <br> **MANDELL STRAWTER,** | CASE NO. 3:21 CV 1061 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DENNIS SULLIVAN, et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

*Pro se* Plaintiff Sevario N. Whitaker, an inmate in the Corrections Center of Northwest Ohio, filed this civil rights action under 42 U.S.C. § 1983 on behalf of himself and inmate Mandell Strawter. Whitaker contends he and Strawter were wrongfully placed in segregation for threatening a corrections officer. He also complains about the conditions in segregation. He asserts Defendants have subjected him and Strawter to cruel and unusual punishment.

### BACKGROUND

Whitaker alleges that on January 21, 2021, he and Strawter were taken from their cells in their housing unit of the jail and placed in solitary confinement. (Doc. 1, at 5). He states that they were served with a conduct report the following day, charging them with making a threat of violence, interfering with security and extortion. *Id.* Corrections Officer Pablo Trevino alleged Whitaker and Strawter approached him on January 9, 2021 at approximately 6:00 p.m. and passed him a note indicating if he did not smuggle drugs into the facility for them, he and his family would be harmed. *Id.* Whitaker asserts Trevino was not working in their unit on January

9, 2021, and at best could have been a relief officer. *Id.* He further contends 6:00 p.m. is medication distribution time when there would have been increased foot traffic in the unit. *Id.* Whitaker requested an investigation into the incident, but he does not believe one occurred. *Id.* Instead, Whitaker and Strawter were found guilty of the conduct violations and sanctioned to segregation. *Id.*

Whitaker alleges that the conditions in segregation are harsher than those in the general population. *See id.* at 4. He contends the only telephone in the unit is a speaker phone, making it impossible for him to have private conversations with his attorney or his family. *Id.* He states they do not have access to tablets so he cannot do his legal work. *Id.* He alleges he must buy hygiene bags containing soap and detergent which make him break out. He states all requests go to the director, Dennis Sullivan which he contends denies him closure.

Whitaker contends the Defendants have subjected him and Strawter to cruel and unusual punishment. *See id.* at 5. He seeks $ 100,000.00 as reimbursement for telephone and commissary charges and pain and suffering. *Id.* at 6. He further requests transfer out of the facility. *Id.*

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

As an initial matter, Plaintiff cannot bring an action on behalf of another inmate. He can only represent himself. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se* means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause") (internal quotation and citation omitted). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654. Only Whitaker's signature appears on the Complaint (Doc. 1, at 6) and only Whitaker filed an Application to Proceed *In Forma Pauperis* (Doc. 2). There is no indication Strawter is aware this action has been filed or wishes to be part of it and equally responsible for payment of the filing fee. Therefore, the Court will consider only Whitaker's

claims. *See, e.g.*, *Elliott v. Causey*, 2014 WL 2930784, at *7 (W.D. Ky.) (dismissing claim brought by one inmate on behalf of another inmate for failure to state a claim).

To the extent Whitaker is challenging the result of his disciplinary proceeding, he fails to state a claim upon which relief may be granted. The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to redetermine an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst. at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). Whitaker has no constitutional right to be detained in a particular facility or to be held under a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Cash v. Reno*, 1997 WL 809982 (6th Cir.). His only recourse to change the result of the disciplinary hearing is through the prison or jail appeals process.

To the extent Whitaker objects to conditions in the segregation unit, he also fails to state a claim. The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Because the Eighth Amendment applies only to convicted prisoners, the claims of pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Nevertheless, they are analyzed under the same rubric as Eighth Amendment claims brought by convicted prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The

Eighth Amendment protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate a prisoner be free from discomfort or inconvenience during his incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (citing *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation).

The Supreme Court in *Wilson v. Seiter*, set forth a framework for evaluating whether certain conditions of confinement constitute the cruel and unusual punishment prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991). A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. "[R]outine discomfort[s]" of prison life do not suffice. *Id*. at 9. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or error in good

5

faith". *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Whitaker's allegations pertaining to the conditions of confinement do not rise to the level of an Eighth Amendment violation. He contends the only telephone in the unit is a speaker phone, he does not have access to a tablet, and he must buy hygiene bags containing soap and detergent which make him break out. *See* Doc. 1, at 4. He does not elaborate on any of these allegations, particularly the allegations suggesting the soap and detergent make him break out. On the face of the pleading, they all appear to be mere discomforts and inconveniences. They do not appear to present serious threats to his safety.

Moreover, even if any of the allegations did suggest an objectively serious deprivation, Whitaker has not pled facts to suggest any named Defendant was personally aware of the situation and failed to act. The subjective component of an Eighth Amendment claim requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (internal citations and quotations omitted). Whitaker does not include any such allegations against the Defendants with regard to segregation conditions. Absent specific allegations to connect a specific Defendant to the conditions, Whitaker fails to plead the subjective component of an Eighth Amendment claim.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is DISMISSED pursuant to 28 U.S.C. §1915(e) and the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


                                          s/ *James R. Knepp II*
                                          UNITED STATES DISTRICT JUDGE